Todd Blanche
Deputy Attorney General of the United States
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 19 2026

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

FELIPE GARCIA RIVERA,

Defendant.

Case No.: 1:25-CR-02126-RLP

Plea Agreement

Plaintiff United States of America, by and through Michael D. Murphy, Assistant United States Attorney for the Eastern District of Washington, and Defendant Felipe Garcia Rivera ("Defendant"), both individually and by and through Defendant's counsel, Craig Webster, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count 1 of the Superseding Indictment filed on February 11, 2026, which charges Defendant with Assaulting, Resisting or Impeding Certain Officers or Employees, 18 U.S.C. § 111(a)(1), (b), a Class B felony.

PLEA AGREEMENT - 1

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of up to 20 years;

    b.    a term of supervised release of not more than 3 years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b.  the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.  the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.  the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.  the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.  the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.  <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a.  pleading guilty in this case may have immigration consequences;

b.  a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.  removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.  no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Admissibility of Facts and Prior Statements

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

PLEA AGREEMENT - 4

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to any facts Defendant admits and/or any statements Defendant makes in court.

7.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Resisting or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a)(1), (b), the United States would have to prove the following beyond a reasonable doubt:

(a).    First, the Defendant forcibly assaulted a federal officer;

(b).    Second, the Defendant did so while that officer was engaged in, or on account of, his official duties;  and

(c).    Third, the Defendant used a deadly or dangerous weapon.

A Ford F250 pickup truck is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

8.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On November 4, 2025, in Yakima, Washington in the Eastern District of Washington, agents with Homeland Security Investigations (HSI) and Enforcement and Removal Operations (ERO) of the Department of Homeland Security

PLEA AGREEMENT - 5

attempted to serve an administrative arrest warrant on Defendant. Defendant is a citizen of Mexico and had a visa which was in effect from August to December of 2023 and which has not been renewed. An ERO Deportation Officer in an unmarked vehicle pull into a parking space at a Yakima store, facing Defendant's Ford F250 pickup truck. Once Defendant came out of the store and began to enter his vehicle, an HSI Special Agent drove his unmarked pickup behind Defendant's parked vehicle, blocking it in. As the Special Agent pulled behind Defendant, he activated front and back visor emergency lights and sounded his siren for a single "whoop". An ERO Deportation Officer, wearing a vest bearing the legend "POLICE Fugitive Operations" on the front and back, as well as an equipment belt with pistol, taser, and badge displayed in front, exited the unmarked vehicle and approached the driver's side of Defendant's truck while identifying himself as a federal agent and ordering Defendant to stop.

Defendant placed his truck in reverse and backed into the HSI Special Agent's truck. At the time, the agent had exited his vehicle and was standing behind the driver's side door. The ERO Deportation Officer broke the window of Defendant's vehicle's driver's side door as Defendant again tried to reverse his truck. The ERO Deportation Officer stood on the driver's side assist step to clear the broken glass from the window while issuing Defendant verbal commands to stop. Defendant placed his Ford F250 pickup truck in drive and drove forward at an angle, missing the ERO unmarked vehicle but crashing into a bystander's vehicle that was pulling into a nearby parking space. The crash moved the bystander's car's front end several feet. The Deportation Officer, who was on the assist step through the second collision, got off the step and he and the Special Agent issued further commands to Defendant, used oleoresin capsicum ("OC") spray to incapacitate him, and forcibly removing him from the vehicle. Once removed from the vehicle, Defendant was handcuffed and given first aid for the OC spray in his eyes. By first driving backwards into the HSI vehicle with the

PLEA AGREEMENT - 6

agent immediately behind it and by then driving forward into another vehicle while the Deportation Officer was on the step of his vehicle, Defendant intentionally threatened the Special Agent and the Deportation Officer while demonstrating an apparent ability to inflict injury to them or another. This caused them a reasonable apprehension of immediate bodily harm. The approach of Defendant by the Federal agents and his response to them was captured on video by the store's security cameras.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 2 of the Indictment filed on February 11, 2026, which charges Defendant with Willfully Injuring any Property of the United States in violation of 18 U.S.C. § 1361.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and the Defendant agree that the base offense level for Assaulting, Resisting or Impeding Certain Federal Officers and Employees is 10. U.S.S.G. § 2A2.4(a).

PLEA AGREEMENT - 7

b.    Special Offense Characteristics

The United States and the Defendant have no agreement with respect to any special offense characteristics.

c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

i.    accepts this Plea Agreement;

ii.   enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

iii.  demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv.   provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

d.    Agreements Regarding Representations to the Court

The United States has a duty of candor to the tribunal.  If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal

PLEA AGREEMENT - 8

case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

    i.    The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

    iii.    The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

    iv.    The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower

PLEA AGREEMENT - 9

criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

PLEA AGREEMENT - 10

f.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11.    Incarceration

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement.  The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court.  The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing.  In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States will recommend a sentence of six months incarceration, with credit for time served. Defendant may recommend any legal sentence.

12.    Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release.  Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is,

PLEA AGREEMENT - 11

even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13.    <u>Criminal Fine</u>

The United States and Defendant recommend no imposition of a criminal fine.  Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

PLEA AGREEMENT - 12

14. <u>Restitution</u>

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663, 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a. <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that the Court should order restitution in an amount not to exceed $6,429.01, and that interest on this restitution amount, if any, should be waived.

b. <u>Payments</u>

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

c. <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

PLEA AGREEMENT - 13

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

### d.    Obligations, Authorizations, and Notifications

Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office.  Defendant acknowledges and understands that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement.  Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide

PLEA AGREEMENT - 14

waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

15.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 15

Case 1:25-cr-02126-RLP    ECF No. 43    filed 02/19/26    PageID.104    Page 16 of 20

**17.    Additional Violations of Law Can Void Plea Agreement**

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

**18.    Waiver of Appeal Rights**

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives any and all of Defendant's rights to appeal any and all aspects of Defendant's conviction and any and all aspects of the sentence the Court imposes, on any and all grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy

PLEA AGREEMENT - 16

Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b.    The United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

PLEA AGREEMENT - 17

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20.   Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

_____
Michael D. Murphy
Assistant United States Attorney

_2_/_19_/2026
Date

PLEA AGREEMENT - 18

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     02/18/26
Felipe Garcia Rivera                  Date
Defendant


I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     2/18/26
Craig Webster                         Date
Attorney for Defendant


<u>Interpreter Certification</u>

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language with which Defendant is conversant. If questions have

PLEA AGREEMENT - 19

arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

Written Name: _Javiula Gutierriz_    Date _2-18-24_

Interpreter

PLEA AGREEMENT - 20