FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 1:25-CR-02126-RLP |
| Plaintiff, | |
| v. | ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE |
| FELIPE GARCIA RIVERA, | |
| Defendant. | |

On February 19, 2026, Defendant Felipe Garcia Rivera appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment filed on February 11, 2026, charging him with Assaulting, Resisting or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a)(1), (b). Mr. Garcia Rivera was represented by attorney Craig Webster of the Federal Defenders of Eastern Washington and Idaho. Assistant United States Attorney Michael Murphy appeared on behalf of the Government. Spanish language translation assistance was provided by federal court certified interpreter Natalia Rivera.

ORDER ACCEPTING GUILTY PLEA AND
SETTING SENTENCING SCHEDULE ~ 1

The Court finds that Mr. Garcia Rivera is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and consequences of the plea and the plea of guilty is knowing, and voluntary, is not induced by fear, coercion, or ignorance and is supported by an independent basis in fact establishing each of the essential elements of the crime. Therefore, Mr. Rivera's plea of guilty is accepted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. A sentencing hearing is set for **May 21, 2026, at 11:30 a.m.**, in Yakima. Absent truly exigent circumstances, the Court will not consider a request for a continuance of sentencing unless: (1) the request is made by written motion, (2) in accordance with LCivR 7, and (3) the motion and supporting declaration are filed at least seven (7) days before the scheduled sentencing hearing.

2. The Defendant shall remain in the custody of the U.S. Marshal's Service pursuant to the detention order in this matter. ECF No. 17. **If a sentence of incarceration is imposed, Defendant shall remain in the custody of the U.S. Marshal's Service.**

3. The United States Probation Office shall prepare a Presentence Investigation Report (PSIR) pursuant to Fed. R. Crim. P. 32(c).

4. Not later than **April 9, 2026**, the probation officer shall disclose the Presentence Investigation Report to Defendant, counsel for Defendant, and the

ORDER ACCEPTING GUILTY PLEA AND
SETTING SENTENCING SCHEDULE ~ 2

Government. Disclosure of the Presentence Investigation Report shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

5.   Not later than **April 23, 2026**, counsel shall communicate in writing to the probation office (and opposing counsel) any objections they may have as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. If an objection is filed, the probation officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

6.   The probation officer shall submit the final Presentence Investigation Report to the Court by **May 7, 2026**. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon.

7.   Not later than **April 23, 2026,** counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations. **<u>FAILURE TO FILE AND SERVE SENTENCING MATERIAL, TO INCLUDE MOTIONS OR MEMORANDA FOR UPWARD OR DOWNWARD DEPARTURE AND VARIANCES, BY THIS DATE WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.</u>**

ORDER ACCEPTING GUILTY PLEA AND
SETTING SENTENCING SCHEDULE ~ 3

8.  Not later than **April 30, 2026**, the opposing party shall file and serve its response limited to no more than seven (7) pages.

9.  If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court no later **May 14, 2026**. This includes the names of any party who requests to address the Court prior to the imposition of sentence.

10.  Any supplements to the parties' memoranda and responses must be filed and served as soon as possible. The parties are further directed to notify the Courtroom deputy of any supplements to their submissions so that they come to the Court's attention prior to sentencing.

11.  The public and the press have common law and First Amendment rights to access court proceedings and court documents. The Court recognizes that given the availability of electronic records, certain materials are appropriately filed under seal. However, if a party intends to file materials under seal, the party shall, after considering whether the provisions of Fed. R. Cr. P. 49.1 provide sufficient privacy protection, file a motion to seal applying the Ninth Circuit's methodology as set forth in *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017). No motion to seal is necessary if the materials contain the names of cooperating witnesses or unindicted co-conspirators or reveal ongoing investigations, such materials may be filed under seal without leaving the Court.

ORDER ACCEPTING GUILTY PLEA AND
SETTING SENTENCING SCHEDULE ~ 4

12. All pending motions are **DENIED as moot** and all pending hearing and trial dates are stricken from the Court's calendar.

13.  The District Court Executive is authorized to accept Defendant's payment(s) toward the Special Penalty Assessment.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Service.

DATED **February 19, 2026.**

_____
REBECCA L. PENNELL
United States District Judge

ORDER ACCEPTING GUILTY PLEA AND
SETTING SENTENCING SCHEDULE ~ 5